**Willard J. BENSON, Appellant,**

v.

**BELOIT CORPORATION, Appellee.**

**No. 26793.**

United States Court of Appeals,
Ninth Circuit.

June 4, 1971.

Don S. Willner (argued), R. William Riggs (argued), of Willner, Bennett & Leonard, Portland, Or., for appellant.

Wayne A. Williamson (argued), James F. Spiekerman (argued), of Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland, Or., for appellee.

Before ELY and KILKENNY, Circuit Judges, and LINDBERG, District Judge.*

PER CURIAM:

Appellant, the plaintiff below, appeals from a judgment entered on a jury verdict.

### BACKGROUND

Appellant was seriously injured when he came in contact with a large paper making machine manufactured by appellee. He alleged that the machine lacked adequate safeguarding devices and that an operating platform was designed and installed by appellee in such a manner as to unreasonably expose him to danger. His cause of action was based solely on a theory of strict liability in tort.

### ISSUE

Did the trial judge commit error in using the phrase "contributory negligence" in his instructions when outlining appellee's defense?

### DISCUSSION

The Supreme Court of Oregon has adopted Restatement (Second) of Torts § 402A (1965) as its standard for liability on the theory of strict liability in tort. Heaton v. Ford Motor Co., 248 Or. 467, 435 P.2d 806 (1967); Anderson v. Klix Chemical Co., 90 Or.Adv.Shts. 1829, 1830, 472 P.2d 806 (1970); McGrath v. White Motor Corp., Or., 484 P.2d 838 (April 29, 1971). Although contributory negligence, in its ordinary form, is not a defense to strict liability under § 402A, that form of contributory negligence which consists in voluntarily and unreasonably proceeding to encounter a known danger, and which commonly passes under the name of assumption of risk, is a defense.[1] It is our view, based on the cases cited above, that the Supreme Court of Oregon would adopt the interpretation of § 402A as set forth in Comment n.

A painstaking study of the court's instructions convinces us that the trial judge, in using the phrase "contributory negligence," was employing it in the sense expounded in Comment n. Prior to the instructions, the judge eliminated all specifications of contributory negligence which did not measure up to the requirements of that comment. He then instructed the jury on the theory that the law of the case was embodied in § 402A and its related comments. Inasmuch as the judge defined neither negligence nor contributory negligence and used the phrase only in connection with

---

* The Honorable William J. Lindberg, Senior District Judge, Western District of Washington, sitting by designation.

1. Comment n, Page 356.

   "*Contributory negligence.* Since the liability with which this section deals is not based upon negligence of the seller, but is strict liability, the rule applied to strict liability cases (see § 524) applies. Contributory negligence of the plaintiff is not a defense when such negligence consists merely in a failure to discover the defect in the product, or to guard against the possibility of its existence. On the other hand the form of contributory negligence which consists in voluntarily and unreasonably proceeding to encounter a known danger, and commonly passes under the name of assumption of risk, is a defense under this Section as in other cases of strict liability. If the user or consumer discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery."

   See Oregon Farm Bureau Ins. Co. v. E. L. Caldwell & Sons, Inc., 306 F.Supp. 835, 839 (D.Or.1969).

the defense of assumption of risk outlined in Comment n, the jury could not have been misled. The instructions, as a whole, properly submitted the issue to the jury.

Finding no error, we affirm.